IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVARAD CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY HOSPITAL AUTHORITY,<br><br>    Defendant. | Case No.  1:25-cv-0332-KES-CDB<br><br>ORDER ON STIPULATION RE DISCOVERY AND SUPPLEMENTAL BRIEFING SCHEDULE<br><br>(Doc. 34) |

**Background**

On March 19, 2025, Plaintiff Novarad Corporation ("Plaintiff") initiated this action with a filing of a complaint against Defendant Kern County Hospital Authority ("Defendant"). (Doc. 1). Plaintiff filed the operative, first amended complaint on April 21, 2025. (Doc. 7).

On September 22, 2205, the parties appeared before the undersgiend for an informal discovery dispute conference. (Doc. 33). For the reasons set forth and preserved on the record, the Court granted in part Plaintiff's motion to defer consideration of Defendant's motion for summary judgment (Doc. 27). *Id.* The Court ordered the parties to file no later than September 29, 2025, a stipulated request (1) setting forth a proposed schedule for the parties' taking of discovery limited to the issue of Plaintiff's compliance with the California Government Claims Act ("CGCA") as set forth in the parties' joint letter brief (Doc. 32 at 3), and (2) addressing any other matters requiring action by the Court. *Id.* The Court ordered that the parties' stipulation shall include a proposed briefing schedule for the filing of any renewed or

supplemental briefs in connection with Defendant's motion for summary judgment upon completion of the parties' anticipated CGCA discovery. *Id.*

### Discussion

Pending before the Court is the parties' stipulated request for order regarding a discovery and supplemental briefing schedule limited to the issue of Plaintiff's compliance with the CGCA as set forth in the parties' joint letter brief, filed on September 29, 2025. (Doc. 34). In light of the stipulation, and good cause appearing, the Court will grant the parties' stipulated request and enter the discovery and supplemental briefing dates as proposed: Completion of Written Discovery deadline **12/5/2025**; Completion of Depositions deadline **1/30/2026**; Defendant's filing of any renewed or supplemental motion for summary judgment due by **3/6/2026**; and Plaintiff's filing of any renewed or supplemental opposition due by **4/3/2026**. Discovery is now open pending the for all discovery pertaining to the issue of Plaintiff's compliance with the CGCA as set forth in the parties' joint letter brief (Doc. 32 at 3).

### Discovery Disputes

No written discovery motions shall be filed without the prior approval of Judge Baker. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, prior to making any filing, the requesting party promptly shall seek a conference with all involved parties and Judge Baker. To schedule this conference, the parties should contact the Courtroom Deputy Clerk, Cori Boren, at (661) 326-6620 or via email at CBoren@caed.uscourts.gov. At least two days before the conference, counsel shall file a joint, informal letter brief detailing each party's position. Each party's narrative shall not exceed five pages, excluding exhibits, and shall cite relevant authority in support of the party's position. At the commencement of the conference, if the parties jointly agree to Judge Baker's consideration and resolution of the discovery disputes outside the formal Local Rule 251 procedures, the Court will entertain arguments by the parties and issue a written ruling. If the parties do not jointly agree to the informal discovery dispute resolution procedures set forth herein, the requesting party may then seek relief through motion to compel. Counsel must comply with Local Rule 251 with respect to discovery disputes and certify their compliance in any discovery motion.

///

**Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court requires compliance with these Rules to enable it to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**Magistrate Judge Consent**

Currently there is no joint consent to Magistrate Judge jurisdiction.

**Notice of Congested Docket and Court Policy of Trailing**

Due to the District Judges' heavy caseload, the adopted policy of the Fresno Division of the Eastern District is to trail all civil cases. The parties are hereby notified that for a trial date set before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available. The trial date will not be reset.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

**Effect of this Order**

This order represents the best estimate of the Court and counsel to resolve the issue of Plaintiff's compliance with the CGCA as seth forth in the parties' joint letter brief (*see* Doc. 32 at 3). If the parties determine at any time that the case management dates provided for in this order cannot be met through reasonable diligence, counsel are ordered to confer and as necessary promptly notify the Court of any proposed or requested relief.

**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where**

**appropriate attached exhibits, which establish good cause for granting the relief requested.**

**Failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **September 30, 2025**

UNITED STATES MAGISTRATE JUDGE

4